IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF LOUISIANA

------------------------------------------------------------X

HOPE MEDICAL GROUP FOR WOMEN, and K.P., M.D.,

Plaintiffs,

v.

KIM EDWARD LEBLANC, M.D., in his official
capacity as President of the Louisiana State Board of
Medical Examiners, KWELI J. AMUSA, M.D., in his official
capacity as Vice President of the Louisiana State Board of
Medical Examiners, MELVIN G. BOURGEOIS, M.D., in his
official capacity as Secretary-Treasurer of the Louisiana
State Board of Medical Examiners, MARK DAWSON, M.D.,
in his official capacity as a Member of the Louisiana State
Board of Medical Examiners, KEITH C. FERDINAND, M.D.,
in his official capacity as a Member of the Louisiana State
Board of Medical Examiners, LINDA GAGE-WHITE, M.D.,
Ph.D., in her official capacity as a Member of the Louisiana
State Board of Medical Examiners, TONYA HAWKINS
SHEPPARD, M.D., in her official capacity as a Member of
the Louisiana State Board of Medical Examiners, and
CECILIA MOUTON, M.D., in her official capacity as Director
of Investigations and Enforcement for the Louisiana State
Board of Medical Examiners,

Defendants.

------------------------------------------------------------X

06-9176

SECT. I MAG. 4

## COMPLAINT

Plaintiffs, by and through their undersigned attorneys, bring this complaint against the above-named defendants, their employees, agents, and successors in office, and in support thereof allege the following:

I.   PRELIMINARY STATEMENT

1

1. This civil rights action is brought under the Constitution of the United States and 42 U.S.C. § 1983 to challenge the defendants' application of La. Rev. Stat. 37:1285 to Plaintiff K.P. for performing first-trimester surgical abortions at Plaintiff Hope Medical Group for Women. This application includes Defendant Mouton's directive to Plaintiff K.P. to "cease and desist" performing abortions immediately until the conclusion of the investigation.

2. The asserted basis for the defendants' investigation and "cease and desist" directive is that Plaintiff K.P. has not "completed a residency or other post-graduate medical education in OB/GYN, or . . . credentialed by a hospital to perform any type of obstetric or gynecological surgical procedure (*i.e.*, as may be necessary to respond to a medical emergency necessitated by your current practice)."

3. The investigation and "cease and desist" directive violate the right to privacy of Plaintiffs' patients seeking abortions as guaranteed by the Fourteenth Amendment to the United States Constitution, and violate Plaintiff K.P.'s right to practice medicine also guaranteed by that Amendment. Absent immediate injunctive relief enjoining the investigation and the "cease and desist" directive, Plaintiffs' patients will suffer immediate and irreparable injury, to wit: violation of their constitutional rights and harm to the patients' health.

## II. JURISDICTION AND VENUE

4. Jurisdiction is conferred on this Court by 28 U.S.C. §§ 1331, 1343(a)(3), and 1343(a)(4).

5. Plaintiffs' claim for declaratory and injunctive relief is authorized by 28 U.S.C. §§ 2201 and 2202; by Rules 57 and 65 of the Federal Rules of Civil Procedure, and by the general legal and equitable powers of this Court.

6.  Venue is appropriate under 28 U.S.C. § 1391(a) because the defendants reside in this district.

## II.  PARTIES

### A.  Plaintiffs

7.  Plaintiff Hope Medical Group for Women is a facility in Shreveport, Louisiana, licensed to perform abortions by the Louisiana State Department of Health and Hospitals. Plaintiff Hope Medical Group for Women sues on its own behalf and on behalf of its patients seeking abortions.

8.  Plaintiff K.P., M.D., is a physician licensed to practice medicine in Louisiana who performs first-trimester surgical abortions at Plaintiff Hope Medical Group for Women. Plaintiff K.P. sues on her own behalf and on behalf of her patients seeking abortions. She sues using only her initials to protect herself from public disclosure of her identity and the consequent risk of harassment or violence.

### B.  Defendants

9.  Defendants Kim Edward LeBlanc, M.D., Kweli J. Amusa, M.D., Melvin G. Bourgeois, M.D., Mark Dawson, M.D., Keith C. Ferdinand, M.D., Linda Gage-White, M.D., Ph.D., and Tonya Hawkins Sheppard, M.D., are sued their official capacities as members of the Louisiana State Board of Medical Examiners

10.  Cecilia Mouton, M.D., is sued in her official capacity as Director of Investigations and Enforcement for the Louisiana State Board of Medical Examiners.

3

## III. STATUTORY BACKGROUND

11. By statute, Louisiana prohibits the performance of abortions except by physicians licensed to practice medicine in the State. La. Rev. Stat. 40:1299.35.2(a). No statute imposes any higher level of training for the performance of abortions.

12. The Louisiana Department of Health and Hospitals, of which the Louisiana Board of Medical Examiners is a unit, has promulgated a regulation, consistent with the statute cited above, under which "An abortion shall be performed only by a physician who is licensed to practice medicine in Louisiana." La. Admin. Code 48:I ch. 44 § 4409(4). The regulations of which this is one part govern abortion facility licensure generally, contain no requirement of any higher level of training for the performance of abortions.

13. The Louisiana Board of Medical Examiners has statutory authority to discipline physicians (including license suspension, revocation, and fines of up to $5000.00) for a variety of causes. La. Rev. Stat. § 37:1285.

## IV. FACTUAL ALLEGATIONS

14. On October 25, 2006, Plaintiff K.P. received a letter from Defendant Mouton, the Director of Investigations at the Louisiana State Board of Medical Examiners. The letter advised Plaintiff K.P. to "immediately cease and desist from performing surgical abortions on patients." In response, Plaintiff K.P. sent her credentialing information by fax to Defendant Mouton. Defendant Mouton found the training materials insufficient and refused to withdraw the cease and desist letter. Instead, she offered to conduct an unrecorded meeting informally with Plaintiff K.P. Defendant Mouton made this same offer of a meeting in the cease and desist letter sent to Plaintiff K.P.

15. The October 25 cease and desist letter asserts that there is no evidence that Plaintiff K.P. had completed a "residency or other post-graduate medical education or training in OB/GYN, or that [she was] credentialed by a hospital to perform any type of obstetric or gynecological surgical procedure." The letter also questions whether Plaintiff K.P. has the proper training to perform "surgical procedures outside [her] scope of practice and training." The letter advises Plaintiff K.P. to immediately cease and desist from performing surgical abortions and threatens administrative action including summary suspension of Plaintiff K.P.'s medical license for failure to comply.

16. Plaintiff K.P. has received adequate training in the performance of first-trimester abortions.

17. There have been no complaints from Plaintiff K.P.'s abortion patients.

18. On October 4, 2006, the Department of Health and Hospitals conducted an inspection based on a complaint issued by the Louisiana Board of State Medical Examiners. During the inspection, the Department reviewed the credentialing information at Plaintiff Hope Medical Group for Women and found that all of its physicians were properly credentialed. At this inspection, Plaintiff Hope Medical Group for Women was only cited for failing to have a written transfer agreement between Plaintiff K.P. and a physician on staff with admitting privileges at an acute care hospital. A written transfer agreement between Plaintiff K.P. and the medical director of Hope Medical Group for Women was submitted to the Department of Health and Hospitals. The medical director of Hope Medical Group for Women has admitting privileges at three local acute care hospitals. The agreement between Plaintiff K.P. and the medical director went into effect on October 23, 2006.

19. The type of training to perform first-trimester abortions received by Plaintiff K.P. satisfies the prevailing and usually accepted standards of practice applicable to abortion services throughout the United States.

## FIRST CLAIM FOR RELIEF

(Right to Privacy)

20. The allegations of paragraphs 1 through 19 are incorporated as though fully set forth herein.

21. The investigation and "cease and desist" letter violate the right to privacy of Plaintiffs' patients under the Fourteenth Amendment of the United States Constitution and 42 U.S.C. § 1983.

## SECOND CLAIM FOR RELIEF

(Right to Practice Medicine)

22. The allegations of paragraphs 1 through 21 are incorporated as though fully set forth herein.

23. The investigation and "cease and desist" letter violate the right to practice medicine of Plaintiff K.P. under the Fourteenth Amendment of the United States Constitution and 42 U.S.C. § 1983.

## ATTORNEYS' FEES

24. Plaintiffs are entitled to an award of reasonable attorneys' fees and expenses pursuant to 42 U.S.C. § 1988.

## REQUEST FOR RELIEF

Plaintiffs respectfully request that the following relief:

27. Immediate and permanent injunctive relief barring the defendants from pursuing the investigation and prohibiting them from enforcing or using the "cease and desist" directive in any manner;

28. An award of costs with legal interest and reasonable attorneys' fees; and

29. An award of such other relief as this Court may deem just and proper.

Respectfully submitted,

William E. Rittenberg, Bar #11287
Charles M. (Larry) Samuel, Bar #11678
Rittenberg, Samuel & Phillips, L.L.C.
714 Girod Street
New Orleans, LA 70130
(504) 524-5555