**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| **HOPE MEDICAL GROUP FOR WOMEN, ET AL** | **CIVIL ACTION** |
| **VERSUS** | **NO: 06-9176** |
| **KIM EDWARD LEBLANC, ET AL** | **SECTION: "B" (4)** |

**ORDER**

Before the Court is a **Motion for Protective Order, for Stay of Discovery, and to Quash Depositions (doc. #65)**, filed by the defendants, Kim Edward LeBlanc, M.D., Kweli J. Amusa, M.D., Melvin G. Bourgeois, M.D., Mark Dawson, M.D., Keith C. Ferdinant, M.D., Linga Gage-White, M.D., Ph.D., Tonya Hawkins Sheppard, M.D., all in their official capacities as members of the Louisiana State Board of Medical Examiners ("the Board"), and Cecilia Mouton, M.D., in her official capacity as Director of Investigations and Enforcement for the Board.

The plaintiffs, Hope Medical Group for Women and K.P., M.D., filed an opposition memorandum. The motion came on for oral hearing on April 18, 2007.

## I. Background

K.P. is a licensed physician performing surgical and non-surgical first trimester abortions at Hope Medical Group for Women in Shreveport, Louisiana. K.P. has been performing abortions at Hope Medical since March, 2005. On October 25, 2006, K.P. received a letter from Mouton. The letter noted that K.P. had completed a residency and fellowship in ophthalmology and

cornea/refractive surgery and, since 2004, has been registered with the Board to dispense medications at two weight loss clinics. The letter also noted that K.P. currently has no hospital affiliations. Citing K.P.'s failure to have completed a residency or other post-graduate medical training in obstetrics and gynecology, the letter advised K.P. to cease and desist from performing surgical abortions.

After K.P. sent Mouton information to document her credentials, Mouton refused to withdraw the cease and desist letter. On October 27, 2006, plaintiffs K.P. and Hope Medical filed this action, alleging that the defendants, violated her constitutional rights and the rights of her patients. The plaintiffs seek declaratory and injunctive relief under 42 U.S.C. § 1983.

On October 30, 2006, plaintiffs filed a motion for a temporary restraining order and preliminary injunction, seeking to enjoin defendants from further investigating K.P. for her performance of first-trimester abortions and to prohibit defendants from using her continued performance of abortions as a basis for later administrative action. The District Court denied the request for a temporary restraining order. The case was then reassigned to another section of this Court.

On November 21, 2006, the District Court denied plaintiffs' motion for a preliminary injunction and a motion to dismiss filed by the defendants. Both parties then filed Notices of Appeal of the District Court's denial of their respective motions.

On March 13, 2007, the defendants filed into the record a notice of administrative hearing in the matter of K.P. The notice indicated that a hearing was scheduled before the Board of Medical Examiners on August 30, 2007.

On March 22, 2007, the defendants filed a motion to dismiss on the grounds of mootness

noticed before the District Court. In their motion, the defendants contend that the Board of Medical Examiners has discontinued its investigation and dismissed the administrative action against K.P. The defendants contend that because the administrative proceeding has ended, there is no longer a case or controversy for the Court to adjudicate. On the same day, the defendants filed the subject motion for protective order.

## II. **Standard of Review**

The decision to enter a protective order is within the Court's discretion. *Thomas v Int'l Bus. Mach.*, 48 F.3d 478, 482 (10th Cir. 1995). Rule 26(c) of the Federal Rules of Civil Procedure governs the issuance of protective orders. It provides in pertinent part:

> Upon motion by a party or by the person from whom discovery is sought . . . and for good cause shown, the court in which the action is pending . . . may make any order which justice requires to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense . . . . If the motion for a protective order is denied in whole or in part, the court, may, on such terms and conditions as are just, order that any party or other person provide or permit discovery.

FED. R. CIV. P. 26(c).

Rule 26(c)'s requirement of a showing of good cause to support the issuance of a protective order indicates that "the burden is upon the movant to show the necessity of its issuance, which contemplates a particular and specific demonstration of fact as distinguished from stereotyped and conclusory statements." *In re: Terra Int'l, Inc.*, 134 F.3d 302, 306 (5th Cir. 1998).

## III. **Analysis**

The defendants indicate that three depositions were noticed by the plaintiffs for March 27-29, 20007. These are Warren C. West, Jr., M.D., a non-party witness, Thomas E. Nolan, M.D., defendant's expert in the administrative proceeding, and Mouton. The defendants contend that because the case is now moot, these depositions should be quashed.

They also contend that because Mouton functions as an investigator and prosecutor for the Board, allowing her deposition would prejudice her ability to carry our her duties and her deposition should be quashed for that reason as well. Further, the defendants contend that to the extent that the plaintiffs seek to depose Mouton about documents prepared in connection with the board action, such records are confidential.

The plaintiffs contend that on the eve of long set depositions, the defendants discontinued the administrative proceeding and placed a letter in K.P.'s file that is false, defamatory, and prejudices her ability to practice medicine. They contend that this action is not moot because the defendants continue to hold over K.P's head the threat of prosecution if she resumes providing abortions. They further contend that this theat forces K.P. to withhold medical services, prevents Hope Medical from procuring the services of another physician, and deprives patients of those privacy rights secured by the Due Process clause of the Fourteenth Amendment. Finally, they contend that the case is not moot because they seek to amend their complaint to add new causes of action.

The Court notes that during the hearing the parties explained that they agreed to continue the depositions of West and Nolan without setting a new date. Thus, in the absence of set depositions, any motion to quash these depositions would be premature. Thus, the request to quash the depositions of West and Nolan is denied as premature.

However, the parties had agreed that if this Court denied the subject motion, the deposition of Mouton would be held on April 20, 2007. Accordingly, the request seeking a protective order quashing the deposition of Mouton is well taken. Further, the Court also addresses the defendants request to stay all discovery. The Court deals with these in turn.

### A. Stay of Discovery

#### 1. Mootness

The Court first turns to the defendants contention that all discovery should be stayed in this case because this case is moot. Indeed, mootness is the basis for the motion to dismiss currently pending before the District Court. However, whether or not this case is moot is a determination for the District Court. Accordingly, it would be improper for this Court to stay all discovery on the basis of mootness considering its current posture. Accordingly, the Court concludes that this does not provide sufficient good cause to issue a protective order staying discovery.

#### 2. Pending Motion to Dismiss

The Court "has broad discretion and inherent power to stay discovery" while a motion to dismiss is pending. *Petrus v. Bowen*, 833 F.2d 581, 583 (5th Cir. 1987). Further, the "Fifth Circuit has held that it is appropriate to stay discovery until preliminary questions that may dispose of the case are determined." *Parish of Jefferson, Louisiana v. Southern Recovery Management*, 96-Civ.A.-0230, 1996 WL 144400 (E.D. La. March 27, 1996) (citing *Petrus*, 833 F.2d at 583).

However, courts have cautioned that a stay of all discovery is not appropriate, when it could prevent a party from "having a sufficient opportunity to develop a factual base for defending against a dispositive motion." *Parish of Jefferson*, at *2. Here, the plaintiffs contend that deposition of Mouton could yield evidence to support the plaintiffs defense against the pending motion to dismiss. Thus a stay limiting all discovery would be inappropriate. Accordingly, the request for a stay of all discovery is denied.

### B. Mouton's Deposition

In their brief to the Court the defendants argued that Mouton's testimony should be quashed

on the basis of investigatorial and prosecutorial privilege. They further contended that her testimony could reveal confidential information.

However, during the hearing on this matter, the defendants noted that since Mouton has already offered testimony in this action, they conceded that any privilege or confidentiality had been waived and therefore did not contend that this provided the good cause necessary to quash Mouton's deposition. Mouton's deposition will be go forward as scheduled on April 20, 2007 as this Court will not enter a protective order staying all discovery nor does it find good cause to quash Mouton's deposition.

Accordingly,

**IT IS ORDERED** that the defendant's **Motion for Protective Order, for Stay of Discovery, and to Quash Depositions (doc. #65)** is **DENIED**.

New Orleans, Louisiana, this 25th day of April 2007.

**KAREN WELLS ROBY**
**UNITED STATES MAGISTRATE JUDGE**