UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

**HOPE MEDICAL GROUP FOR WOMEN, ET AL**           **CIVIL ACTION**

**VERSUS**                                         **NO. 06-9176**

**KIM EDWARD LEBLANC, M.D., in his official**      **SECTION "T"(4)**
**capacity as President of the Louisiana State**
**Board of Medical Examiners, ET AL**

      Before this Court is a Motion to Review Magistrate Judge's Order of October 25, 2007, filed on behalf of the defendants, pursuant to Rule 28 U.S.C. 636(b)(1) (Doc. 163). This matter came for hearing before the undersigned on November 28, 2007, without oral argument. The Court, having studied the legal memoranda and exhibits submitted by the parties, the record, and the applicable law, is fully advised on the premises and ready to rule.

## ORDER AND REASONS

**I. BACKGROUND:**

      The facts of this case are well documented in the record. This particular motion refers to a decision rendered by Magistrate Judge Roby on plaintiff's Motion to Compel (Rec. Doc. 158). The defendant's object to three (3) of the rulings made by Judge Roby, arguing that compliance would impose undue hardship or would require disclosure of confidential information and documents

protected from disclosure. Defendants now seek review of those three rulings under authority of 28 U.S.C. § 636(b)(1).

## II. LAW AND ANALYSIS:

28 U.S.C. 636(b)(1) provides that a district judge may reconsider a magistrate judge's ruling only "where it has been shown that the magistrate judge's order is clearly erroneous or contrary to law."

In applying this "clearly erroneous" standard, a district court shall affirm the decision of the magistrate judge unless, based on all of the evidence, the court is left with a definite and firm conviction that the magistrate judge made a mistake. See Moody v. Callon Petroleum Operating Co, 37 F.Supp.2d 805, 807 (E.D.L.A. 1999).

### A. ORDER COMPELLING DEFENDANTS TO COMPILE A LIST OF EVERY PHYSICIAN WHO HAS PERFORMED A FIRST-TRIMESTER ABORTION IN LOUISIANA SINCE 1995

Judge Roby ordered the defendants to answer plaintiffs' Interrogatory No. 11, which requests detailed information about every physician who has performed a first-trimester abortion in Louisiana during the last twelve years:

> Identify all physicians who have performed first-trimester abortions in the State of Louisiana since 1995. For each such physician, (a) identify the residency program in obstetrics and gynecology that he or she attended, (b) describe the training in abortion provided by the residency program to that physician; and (c) describe any other formal training in the performance of abortions provided to that physician.

The defendants, other than Dr. Mouton, objected on grounds that they do not maintain this information; Dr. Mouton objected on grounds that she does not have personal knowledge to answer the interrogatory. The magistrate judge ordered the defendants to answer this interrogatory, opining that "the information sought by Interrogatory 11 is within the custody of

the Defendants."

While the defendants contend that they posses no information that they can "vouch for" concerning who provides abortions in Louisiana and what type of training those individuals received, they have asserted that : "[Dr. Mouton] determined that every physician performing abortions in Louisiana- except K.P.- has formal training in obstetrics and gynecology." Plaintiff's Memorandum in Opposition to Defendants' Motion to Review (citing Defendants' Motion to Dismiss, Appeals at 2). In addition to the defendants' motion to the Fifth Circuit Court of Appeals, Dr. Mouton previously testified that during the course of her investigation of K.P., she determined that K.P. is the only abortion provider in the State of Louisiana who did not complete a residency in obstetrics and gynecology. See Mouton Depo. at 63 (Rec. Doc. 104-4) ("At some point [Renee Hullinger] of the Louisiana Department of Health and Hospitals] sent me a list of abortion providers that they have from their files. And what we then did, what I did in the course of the investigation was pull the files on those providers to determine in fact that they all had finished OB/GYN residences."); See also Mouton Aff. ¶ 4 ("I learned from the Department of Health and Hospitals that K.P., M.D. is the only physician performing abortions in this state that does not have formal training in obstetric and gynecology.")

Pursuant to Federal Rule of Civil Procedure 33(a), defendants have an obligation to furnish to plaintiffs, in response to Interrogatory 11, "such information as is available to" them concerning the identities of physicians who have provided abortions in Louisiana since 1995 and the training that those physicians received. Judge Roby found that the answers given by each defendant to Interrogatory 11 failed to satisfy Rule 33(a) and directed that the answers be supplemented. This Court finds that Judge Roby's ruling is not clearly erroneous or contrary to

law.  To the extent that information responsive to Interrogatory 11 is available to defendants, they have an obligation to disclose it to plaintiffs.  Further, to the extent that defendants have made representations to the Court for which they have no reliable basis in fact, defendants have an obligation to withdraw them immediately.  See Fed. R. Civ. P. 11

### B. ORDER COMPELLING DEFENDANTS TO PRODUCE DOCUMENTS CONCERNING THEIR CONSULTANT, THOMAS NOLAN, M.D.

Judge Roby ordered the defendants to comply with Document Request 3, which asked the defendants to produce "all documents concerning Thomas Nolan, M.D., including documents authored or addressed to Thomas Nolan, M.D."  The defendants object to this ruling arguing that requiring the defendants to produce these documents concerning a non-party physician who was an expert consultant to the Board regarding K.P., who may be called as a witness at trial, would result in an invasion of privacy far beyond what an expert witness is normally subjected to and would require production of documents protected from disclosure by the Louisiana Public Records Law.

This Court finds that Judge Roby's decision not to recognize the privilege for Board records is not clearly erroneous or contrary to law.  However, in effort to "consider with special care" the defendants' arguments for denying discovery on the basis of embarrassment, oppression, or undue burden under Rule 26(c), the Court orders that the defendants produce a list of all documents requested for an *in camara* review by Magistrate Roby, no later than ten days from the signing of this Order.  See Northwestern Memorial Hospital v. Ashcroft, 362 F.3d 923 (7th Cir. 2004).

### C. ORDER COMPELLING DEFENDANTS TO PRODUCE THE

### INVESTIGATION FILES PERTAINING TO K.P.

Judge Roby ordered the defendants to comply with Plaintiffs' Request for Production No. 1, which sought "all documents concerning K.P." The defendants object on the grounds that K.P.'s file is protected by the Louisiana Public Records Law and attorney-client privilege.

This Court finds that Judge Roby's ruling is not clearly erroneous or contrary to law. However, as with the request for all documents related to Thomas Nolan, M.D., this Court orders that the defendants produce K.P.'s investigation file to Magistrate Roby for an *in camera* review, no later than ten days from the signing of this Order.

Accordingly,

**IT IS ORDERED** that Defendant's Motion to Review the Magistrate's Order of October 25, 2007 is hereby **DENIED.**

New Orleans, Louisiana, this 12th day of February, 2008.

_____
G. THOMAS PORTEOUS, JR.
UNITED STATES DISTRICT JUDGE